**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Holzman, | No. CV-13-00627-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Maria Holzman seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for further administrative proceedings.

I.      **BACKGROUND**

A.      **Factual Background**

Holzman was born in July 1959 and was 49 years old on the alleged disability onset date. She has been diagnosed with numerous conditions including, but not limited to, systemic lupus erythematosus ("SLE"), rheumatoid arthritis, hiatal hernia with gastro esophageal reflux disease ("GERD"), asthma, breast cancer in remission, and fibromyalgia.

Holzman has a bachelor's degree in sociology.  She worked as a teacher's aide for four and a half years, until September 2008 when she kept getting pneumonias and bronchitis.  For about a month in 1999, she worked as an office worker answering telephones.

### B.      Procedural History

On April 26, 2010, Holzman protectively applied for disability insurance benefits, alleging disability beginning September 10, 2008.  On December 9, 2011, she appeared with her attorney and testified at a hearing before the ALJ.  A vocational expert also testified.

On January 3, 2012, the ALJ issued a decision that Holzman was not disabled within the meaning of the Social Security Act.  The Appeals Council denied Holzman's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.  On March 27, 2013, Holzman sought review by this Court.

In her Reply Brief (Doc. 13), Holzman summarizes the issues she presents on appeal as follows:

> (1) Whether the ALJ went through the proper analysis and considered listings 14.02 for lupus and 14.09 for arthritis;
>
> (2) Whether the ALJ erred by failing to assess Ms. Holzman's fibromyalgia and celiac disease; and
>
> (3) Whether the ALJ justified his determination that Ms. Holzman is not credible.

## II.      STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The court

may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

## III.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of

impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.  § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work.  § 404.1520(a)(4)(iv).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience.  § 404.1520(a)(4)(v).  If so, the claimant is not disabled.  *Id.*  If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Holzman meets the insured status requirements of the Social Security Act through December 31, 2013, and that she has not engaged in substantial gainful activity since September 10, 2008, the alleged onset date.  At step two, the ALJ found that Holzman has the following severe impairments:  GERD, SLE, SIADH, breast cancer in remission, arthritis, depression, asthma, hypertension, hiatal hernia with GERD, and rheumatoid arthritis.  At step three, the ALJ determined that Holzman does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.

At step four, the ALJ found that Holzman:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following exceptions:  can occasionally climb ladders, ropes, or scaffolds; can frequently climb ramps or stairs; can occasionally crawl; should avoid concentrated exposure to extreme temperatures, both hot and cold, extreme direct sunlight, irritants such as fumes, odors, dusts and gases; avoid concentrated exposure to moving machinery and unprotected height; and limited to simple, unskilled work.

- 4 -

The ALJ further found that Holzman is capable of performing past relevant work as a teacher aide II and office worker.  Alternatively, the ALJ concluded that, considering Holzman's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that Holzman could perform.

## IV.    ANALYSIS

### A.    The ALJ Failed to Consider Listings 14.02 for Lupus and 14.09 for Inflammatory Arthritis.

At step three of the five-step sequential evaluation process, the ALJ must consider whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii).  Here, at step three, the ALJ determined that Holzman does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404, but stated reasons relevant only to whether the severity of Holzman's mental impairment satisfied a listing.

The ALJ found that Holzman's severe impairments include lupus (SLE), but did not provide any analysis of whether this impairment alone or in combination with other impairments meets or medically equals listing 14.02 (systemic lupus erythematosus). The ALJ also found that Holzman's severe impairments include rheumatoid arthritis, but did not provide any analysis of whether this impairment alone or in combination with other impairments meets or medically equals listing 14.09 (inflammatory arthritis). Listing 14.09 expressly includes rheumatoid arthritis.

The Court cannot evaluate whether the ALJ's determination that Holzman does not have an impairment or combination of impairments that meets or medically equals a listing is based on substantial evidence because the ALJ's hearing decision does not provide his analysis, if any.

**B.      The ALJ Erred by Failing to Assess Ms. Holzman's Fibromyalgia and Celiac Disease.**

Holzman's allegations of severe impairment due to fibromyalgia and celiac disease were presented to the ALJ, and he excluded them from the list of severe impairments without explanation.  He carefully explained why he did not consider her alleged poor concentration and poor vision to be severe impairments, but provided no explanation regarding fibromyalgia and celiac disease even though he mentions in passing elsewhere that she has fibromyalgia.

The Court cannot evaluate whether the ALJ's determination that Holzman is not severely impaired by fibromyalgia and celiac disease because the ALJ's hearing decision does not provide his analysis, if any.

**C.      The ALJ Justified His Determination that Ms. Holzman Is Not Fully Credible.**

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, such as fatigue, the ALJ is required to engage in a two-step analysis:  (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

First, the ALJ found that Holzman's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  Second, the ALJ found Holzman's statements regarding the intensity, persistence, and limiting effects of the symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment.

Holzman contends that she is unable to perform light work with the limitations the ALJ identified in his residual functional capacity determination.  Holzman testified, "I

- 6 -

live on my recliner because I hurt all the time."  She testified that she needs to elevate her feet and change positions frequently.  She also testified that she drives to get mail from the mailbox about five or six houses from hers.  She said she has difficulty gripping things, opening jars, and writing, but she is able to lift a gallon of milk and use a computer and computer mouse.  She said she has difficulty sleeping at night, does not nap, and rests all day.  She testified that she has pain in all of her joints.  She said that she goes to a nearby grocery store if she needs one or two items, and her husband does the weekly grocery shopping.  But she also testified she can shower, wash her hair, dress herself, put on her shoes, tie shoelaces, and drive.  Further, Holzman testified that in the last year she had developed memory problems.  She said she has poor concentration, gets lost driving places, and while watching a movie or television she "spaces out."

The ALJ observed that Holzman's "allegations regarding the severity of her symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record."  The ALJ noted that Holzman received only routine conservative treatment for her impairments.  He also stated that treatments for arthritis, fibromyalgia, chronic fatigue, and asthma appeared to be successful.  Holzman contends her "major issue is fibromyalgia, which has no treatment beyond medication and rest," but the ALJ referred to rheumatology treatment notes (without record citation) showing that Holzman's fibromyalgia was being treated successfully with gabapentin.

Holzman also contends that she "regularly went to the hospital" for pulmonary issues and recurrent pneumonia and "there is no commonly prescribed treatment she did not perform for her conditions."  But the records she cites show only that she was hospitalized for pneumonia December 21-26, 2008, during which she reported previous hospitalizations.  The discharge report by Michael Schlossberg, M.D., states that, upon consultation with a pulmonologist, "the overall clinical picture was most consistent with

1

2

3

aspiration pneumonia related to the underlying hiatal hernia" and that he told the patient "she should be evaluated by a surgeon for repair of the hiatal hernia."

4

5

6

7

8

9

10

11

12

The ALJ also considered that Holzman's husband reported that she is able to prepare simple meals, do laundry and housework, drive, and walk ½ block. Although the ALJ concluded that Holzman's husband's statement contradicted her testimony that her husband does the chores such as cooking and housekeeping, in fact Holzman did not directly answer the question whether she is able to do any cooking or housecleaning. Instead, she said that she "Swiffers" and picks up "a little bit", and her house is not clean. The ALJ's error is harmless because whether Holzman's husband does any chores is irrelevant. Holzman's husband reported that Holzman is able to do more than she admits despite limitations recognized by the ALJ.

13

14

Thus, the ALJ gave specific, clear, and convincing reasons for finding Holzman's subjective complaints less than fully credible.

15

**D.      This Case Will Be Remanded for Further Administrative Proceedings.**

16

17

18

19

20

21

22

23

24

If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.* (citing Smolen, 80 F.3d at 1292).

25

26

27

Here, the record has not been developed fully, and further administrative proceedings are required. Therefore, Holzman's request for remand for immediate award of benefits will be denied.

28

- 8 -

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is VACATED and this case is REMANDED for further proceedings consistent with this opinion.   The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 14th day of January, 2014.


_____
Neil V. Wake
United States District Judge